## TO PREVENT DECEPTION IN THE SALE OF MILK.

Circuit Court of Lucas County.

GEORGE O. JURY v. STATE OF OHIO.

Decided, March 16, 1912.

*Constitutional Law—As to Provisions for Protection of the Public Health and Detection of Offenses Thereunder.*

Section 13169, General Code, relating to the filling and refilling of milk bottles and glass jars, is not repugnant to any constitutional provision and is a valid enactment.

*Byron F. Ritchie,* for plaintiff in error.
*Holland C. Webster* and *Lawrence F. Conway,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the Court of Common Pleas of Lucas County.

This is a proceeding in error to reverse a judgment of the court of common pleas, affirming a conviction of the plaintiff in error in the police court of the city of Toledo. George O. Jury

was charged in the police court with the violation of Section 13169, General Code, on the 23d day of June, 1910. The only question argued in this court is the constitutionality of the section of the statute to which reference has just been made; it not being contended but that Jury was rightly convicted if the statute is constitutional. The section reads as follows:

"Whoever fills or refills with milk, cream or other milk product, a glass jar or bottle having the name of a person, firm or corporation blown therein, with intent to sell such milk, cream or other product, shall be fined not more than one hundred dollars. This section shall not apply to a person, firm or corporation whose name is blown in such glass jar or bottle or an authorized agent or employe thereof."

It will be conducive to a better understanding of the objects and purposes of this statute to refer briefly to its history. The original statute was enacted on May 9, 1908, and is found in 99 O. L., 454; the title of the statute being "An act to regulate the filling and re-filling of milk bottles and glass jars." This act contained three sections; the first section being substantially the same as is now found in Section 13169 of the General Code. The second section of the act is now Section 12730 of the General Code. This act was amended, 100 O. L., 17, but only for the purpose of correcting an error in that portion providing a penalty. Under the classification adopted by the commission to codify the laws, Sections 1 and 2 of this act have become widely separated in the General Code, but the purpose and object of the two sections was clearly to prevent deception in the sale of milk, and to thereby aid in the preservation of the public health, and to render easier a conviction of those who sell impure milk or milk or the products thereof placed in bottles which have not been cleansed and sterilized.

Section 12730 of the General Code is found under Chapter 6 devoted to offenses against public health; while Section 13169, General Code, is found under Chapter 16, which covers the subject of frauds. The species of fraud, however, to which this latter section is referable, is of such a character as relates to the public health and the detection of offenses against the same.

Counsel for plaintiff in error contend that the section in question in this case is unconstitutional on authority of *State* v. *Schmuck*, 77 O. S., 438. The act which was in review in that case was plainly repugnant to the Constitution by reason of provisions which are not found in Section 13169. The Supreme Court in the opinion in that case delivered by Judge Price said (page 454):

"It is manifest that the general public has not been offended by the commission of the acts alleged in the indictment, nor does the statute in question make criminal any act in which the general public is concerned."

The court said further upon the same page:

"The statute is not aimed at the adulteration of any merchandise, food or beverage, nor does it appear from its terms that a compliance with it will tend to prevent adulteration, or to secure to the public pure 'merchandise,' pure 'food' or pure 'beverages.' Its sole purpose seems to be the protection of the owners of certain described articles of personal property."

The differences between the act so under review and the section of the General Code which we are considering are so manifest as to render further reference to this case unnecessary. The statute we have under consideration is more nearly parallel to the one considered by the Supreme Court in *State, ex rel,* v. *Capital City Dairy Co.,* 62 O. S., 350. I cite also *Walton* v. *Toledo,* 3 C.C.(N.S.), 295.

Having no doubt of the constitutionality of the section, the violation of which was charged in the affidavit filed against the plaintiff in error, and being fully convinced that it is a valid and constitutional enactment, the judgment of the court of common pleas will be affirmed.